UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WARREN INGRAM                                    CIVIL ACTION

VERSUS                                           NUMBER: 09-7197

J.P.C.C./NEWELL NORMAND,                         SECTION: "N"(5)
SHERIFF, ET AL.

**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Warren Ingram, formerly an inmate of the Jefferson Parish Correctional Center ("JPCC") who has more recently been transferred to the West Carroll Detention Center ("WCDC"). (See rec. doc. 9) Undoubtedly named as defendants in plaintiff's complaint were Officers or Deputies B. Mcleod and D. Fite of the JPCC. (Rec. doc. 3, pp. 1, 3). Arguably also named as an additional defendant was the JPCC itself and/or Jefferson Parish Sheriff Newell Normand; plaintiff includes "J.P.C.C./Newell Normand, Sheriff" in the caption of his complaint but thereafter fails to identify any defendants other than Mcleod or Fite in the body of his complaint and fails to set forth any allegations against any other defendants in his statement of claim appearing on page four. (Id., pp. 1, 3, 4). As his statement of claim herein,

plaintiff alleges that he was pepper-sprayed at JPCC for no reason at all for which he seeks a substantial amount of monetary damages and injunctive relief. (Id. at p. 4).

On November 13, 2009, the Court granted plaintiff's application to proceed in forma pauperis in this matter, thereby authorizing the Marshal to effect service on plaintiff's behalf as provided for by Rule 4(c)(3), Fed.R.Civ.P., and 28 U.S.C. §1915(d). (Rec. doc. 2). At that time, summonses were issued by the Clerk's Office and were forwarded to the Marshal for the purpose of effecting service on the named defendants in the manner prescribed by law. (Rec. doc. 4). On January 7, 2010, returns were filed as to defendants Mcleod and Fite with an indication therein that service could not be accomplished on those defendants at JPCC as they were no longer employed at that facility. (Rec. doc. 6, 7).[1]/ That being the case, by order dated February 19, 2010, the Court directed plaintiff to provide valid addresses at which service on Mcleod and Fite could be properly effected. (Rec. doc. 8). A copy of that order was mailed to plaintiff at his address of record and has not been returned as undeliverable. (See "Court only" entry between rec. docs. 9 and 8). Despite the passage of the deadline for compliance with the Court's order, March 12, 2010, no

---

[1]/ Curiously, the Marshal was able to successfully effect "personal" service on JPCC. (Rec. doc. 5).

additional service addresses for Mcleod or Fite have been forthcoming from plaintiff.

Because plaintiff is proceeding <u>in forma pauperis</u> in this matter, he is entitled to rely upon the Marshal to effect service on the named defendants on his behalf and should not be penalized for any failures which are not of his making. <u>Rochon v. Dawson</u>, 888 F.2d 1107, 1109-10 (5th Cir. 1987). At the same time, reliance upon the Marshal does not entitle an <u>in forma pauperis</u> plaintiff to remain silent in the face of apparent service defects but, rather, obliges him to attempt to remedy any such apparent service defects. <u>Overstreet v. Tangipahoa Parish Sheriff's Office</u>, 2007 WL 756440 at *2 (E.D. La. March 8, 2007). A complaint may thus be dismissed pursuant to Rule 4(m), Fed.R.Civ.P., based on the failure of the plaintiff to provide a valid address for service of process on a defendant. <u>Clay v. Allen</u>, 87 Fed.Appx. 1000 (5th Cir. 2004).

Despite being called upon to do so, plaintiff has not provided the Court with valid addresses at which service on Mcleod and Fite can be properly effected. As the one hundred twenty day period allowed by Rule 4(m) has now expired, it will be recommended that plaintiff's claims against Mcleod and Fite be dismissed. To the extent that plaintiff's complaint can be read as asserting claims against JPCC and/or Sheriff Normand, such claims should be dismissed as frivolous and for failure to state a claim under 28

3

U.S.C. §1915(e)(2)(B)(i) and (ii). Wetzel v. St. Tammany Parish Jail, 610 F.Supp.2d 545, 548 (E.D. La. 2009). Correctional facilities like JPCC are not considered to be "persons" within the meaning of §1983 and are thus incapable of being cast in judgment under Rule 17(b), Fed.R.Civ.P. Id. at 549; Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989). With respect to Sheriff Normand, plaintiff sets forth no facts demonstrating personal involvement on the Sheriff's part and respondeat superior is inapplicable to §1983 proceedings. Wetzel, 610 F.Supp.2d at 550.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's claims against defendants, B. Mcleod and D. Fite, be dismissed pursuant to Rule 4(m), Fed.R.Civ.P., and that the remainder of plaintiff's complaint be dismissed under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that

such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this  30th  day of    March    , 2010.

_____<br>
ALMA L. CHASEZ<br>
UNITED STATES MAGISTRATE JUDGE